McKee v. McKee.

## McKEE v. McKEE.

Divorce: INHUMAN TREATMENT: FACTS NOT CONSTITUTING. Action by a wife for a divorce on the ground of inhuman treatment endangering her life. The parties were married in 1872, and five children had been born to them. Each had children by a former spouse. At the time of their marriage plaintiff was thirty-four, and defendant fifty-five, years old. The evidence (for which see opinion) shows that the parties had lived unhappily together on account of a variety of troubles growing out of jealousies and other causes, and that they had twice separated, but fails to show that plaintiff's health was seriously or permanently impaired by the treatment of which she complains, or that she was free from faults contributing to their unhappiness, but rather leads to the conclusion that much of the trouble which led to their separation was due to plaintiff's poor health and indiscreet conduct, and defendant's age and its consequences. *Held* that a divorce was properly denied.

*Appeal from Poweshiek District Court.*—HON. W. R. LEWIS, Judge.

FILED, MAY 16, 1889.

THE plaintiff asks a decree divorcing her from defendant, and awarding her alimony and the custody of minor children. Her petition was dismissed on the merits on final hearing, and judgment rendered against defendant for costs. The plaintiff appeals.

*W. H. Redman* and *Cole, McVey & Clark.* for appellant.

*Scott & Clute,* for appellee.

ROBINSON, J.—The plaintiff was married to defendant in May, 1872. She was then thirty-four years of age, and the mother of two children by a former husband. The defendant was about fifty-five years of age, and had been previously married to a woman who was then living, but who had obtained a divorce from him. He also had several children, fruits of his first marriage, then living. Plaintiff had known the defendant personally but a short time before she married him; one week, it is said, being all the time required for the courtship and marriage. Before the wedding took place plaintiff knew that defendant and his first wife did not live happily together, and had been warned that she would have trouble with him. She lived with him after their marriage until May, 1884, when she left him, and commenced an action for divorce. That was compromised, the defendant paying her six or seven hundred dollars, and conveying to her real estate of the value of about three thousand dollars, and she returned to his home in September, 1884. They lived together from that time until September, 1886, when plaintiff again left defendant, and a few months afterwards she commenced this action. Five children have been born to these parties. Of the children, one boy, born in October, 1873, and another born in June, 1877, were sent to the State Industrial School at Eldora, on the application of both parents, in November, 1886. One girl born in June, 1875, another born in May, 1879, and a boy born in May, 1882, remained under the control of the father.

Plaintiff claims that defendant has been guilty of such inhuman treatment as to endanger her life. The evidence on her part tends to show that defendant on numerous occasions accused her of want of chastity; that he sometimes used profane language in addressing her; that he was guilty of eavesdropping; that he accused her of spending unnecessary time in the streets,

VOL. 77—30

to the neglect of her house-work; that he was lacking in kindness to her when she was sick; that he frequently spoke to and of her in a disparaging manner, in the presence of their children; and that on several occasions he punished some of the children with undue severity. Defendant denies much of the testimony as to his alleged bad conduct, and explains much of it in a manner which makes it seem less to his discredit than is claimed by plaintiff. We think the evidence fairly shows that during the last few years of their married life the defendant was jealous of the attentions of a family physician, and frequently charged plaintiff with improper conduct with him. The evidence does not show any unchaste intercourse between the plaintiff and the physician, and defendant concedes that there was none, but his feelings were not wholly without foundation. Plaintiff knew of her husband's feelings towards the physician, yet persisted in requiring his professional services frequently. The physician, with knowledge of the fact that defendant believed improper relations to exist between him and plaintiff, visited her frequently, and at times daily, for weeks together. Many of these visits were made after the last separation, but the fact that they were permitted tends to show that the remarks of the husband in regard to plaintiff and the physician were not wholly without cause. It is not claimed that the physician in question was more skilful or more accessible than others. Some of the evidence tends to show that at times the condition of plaintiff was such that charges of unchastity would affect her health, and, if made while sick, would retard her recovery. But a careful examination of all the evidence convinces us that none of the conduct of which plaintiff complains had any serious or permanent effect upon her health. In fact, her general health seems to have been better when she was living with defendant than it was during her absence from him. She was affected by troubles incident to her age, her nervous system was somewhat affected, and she suffered from other ailments, but we think none of them were caused or seriously aggravated

McKee v. McKee.

by the conduct of defendant. Many things occurred which disturbed the harmony which should have existed between them. He offended plaintiff by visiting the woman from whom he had been divorced during her last sickness, and by erecting a family monument after her death, on which she was described as his wife. His conduct no doubt was censurable in many respects. There was some trouble at one time between him and a son of plaintiff by her first husband. But she was not by any means blameless. She was guilty of improper language and of censurable conduct other than that already stated. She does not seem to make defendant's treatment of herself her chief ground for desiring a divorce, but complains much of his treatment of the two boys who were sent to the industrial school. It is claimed by plaintiff, and denied by defendant, that on two or three occasions he punished the boys in a cruel manner. But aside from those occasions defendant appears to have shown as much consideration and as much affection for his children as was manifested by plaintiff. Some of the acts of which she now complains were treated by her at the time of their occurrence as of little or no consequence, or as occasions for merriment. We are satisfied that much of the trouble which led to the separation of plaintiff and defendant was due to her poor health and indiscreet conduct, and to his age, and its consequences.

We conclude that plaintiff has failed to establish any ground for divorce recognized by our statute. The judgment of the district court is therefore

AFFIRMED.